FILED ENTERED
LOGGED RECEIVED

OCT - 7 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

AMG
PM: 2026R00639

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** ELH-26-347 |
| | * | |
| **v.** | * | **(Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349; Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1), (c)(5); and Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. 2461(c))** |
| | * | |
| **STACI LYNNE MANLEY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## INFORMATION

### COUNT ONE

**(Conspiracy to Commit Bank Fraud)**

The United States Attorney for the District of Maryland charges that:

### Introduction

At times relevant to this Information:

1. Defendant **STACI LYNNE MANLEY** ("**MANLEY**") was a resident of Florida.

2. Victim # 1, Victim # 2, Victim # 3, Victim # 4, Victim # 5, and Victim # 6 were real persons residing in New Jersey, New York, Connecticut, and Florida (collectively, "the banking customers").

3. Bank of America, N.A. ("Bank of America"), JPMorgan Chase Bank, N.A. ("JPMorgan Chase Bank"), American Express National Bank, and PNC Bank, N.A. ("PNC Bank") were federally insured depository institutions as defined in 18 U.S.C. § 20 (collectively, "the financial institutions").

**The Conspiracy and Scheme to Defraud**

4. Beginning in at least January 2023, and continuing through at least January 2024, in the District of Maryland and elsewhere, the Defendant,

**STACI LYNNE MANLEY,**

did knowingly and willfully conspire with CONSPIRATOR 1, CONSPIRATOR 2, and other persons known and unknown to the United States Attorney, to execute and attempt to execute a scheme and artifice to defraud the financial institutions, and to obtain money, funds, and property owned by and under the custody and control of the financial institutions by means of materially false and fraudulent pretenses, representations, and promises, to wit: impersonating the banking customers at the financial institutions, in violation of Title 18, United States Code, Section 1344 (hereinafter, "the conspiracy and scheme to defraud").

**The Object of the Conspiracy and Scheme to Defraud**

5. It was the object of the conspiracy and scheme to defraud for **MANLEY** and her co-conspirators to fraudulently obtain money and funds from the banking customers' accounts at the financial institutions for their personal enrichment.

**Manner and Means of the Conspiracy and Scheme to Defraud**

6. It was part of the conspiracy and scheme to defraud that **MANLEY** obtained, possessed, and used the personal identifying information of the banking customers.

7. It was further part of the conspiracy and scheme to defraud that **MANLEY** obtained and used counterfeit driver's licenses and identification cards.

8. It was further part of the conspiracy and scheme to defraud that **MANLEY** unlawfully obtained and used a genuine driver's license and identification card that was not in her name.

9. It was further part of the conspiracy and scheme to defraud that **MANLEY** and her co-conspirators traveled to financial institutions in Maryland and other states.

10. It was further part of the conspiracy and scheme to defraud that **MANLEY** and her co-conspirators traveled to multiple different bank locations to avoid detection.

11. It was further part of the conspiracy and scheme to defraud that **MANLEY** and her co-conspirators sought to impersonate account holders to liquidate their accounts at the financial institutions.

12. It was further part of the conspiracy and scheme to defraud that **MANLEY** and her co-conspirators used telephones to communicate.

13. It was further part of the conspiracy and scheme to defraud that mobile phone numbers were swapped and ported to electronic devices controlled by the conspiracy to prevent notification to the banking customers.

14. It was further part of the conspiracy and scheme to defraud that **MANLEY** made withdrawals from the banking customers' accounts, which were under the custody and control of the financial institutions.

15. It was further part of the conspiracy and scheme to defraud that **MANLEY** impersonated Victim # 1 to withdraw money and funds from Victim # 1 and Victim # 2's Bank of America account ending in 2501.

16. It was further part of the conspiracy and scheme to defraud that **MANLEY** impersonated Victim # 4 to withdraw money and funds from Victim # 3 and Victim # 4's Bank of America accounts ending in 2652, 6807, and 9429.

17. It was further part of the conspiracy and scheme to defraud that **MANLEY** impersonated Victim # 5 to withdraw money and funds from Victim # 5's Bank of America account ending in 8237.

18. It was further part of the conspiracy and scheme to defraud that **MANLEY**'s travel to and from Maryland was booked using an American Express card ending in 2007 listed in the name of Victim # 6 ("AMEX 2007").

19. It was further part of the conspiracy and scheme to defraud that AMEX 2007 was used for a transaction at the Maryland Motor Vehicle Administration ("MVA").

20. It was further part of the conspiracy and scheme to defraud that **MANLEY**, without lawful authority, used the personal identifying information of identity Victim # 6 to cause the MVA to produce a real driver's license bearing the name and date of birth of Victim # 6, but depicting **MANLEY**'s facial image.

21. It was further part of the conspiracy and scheme to defraud that **MANLEY** impersonated Victim # 6 in Elkridge, Maryland, to withdraw money from Victim # 6's JPMorgan Chase Bank account ending in 0774.

22. It was further part of the conspiracy and scheme to defraud that **MANLEY** provided fraudulently obtained funds from the banking customers' accounts to her co-conspirators.

23. It was further part of the conspiracy and scheme to defraud that **MANLEY** received money from her co-conspirators for her role in the conspiracy and scheme to defraud.

18 U.S.C. § 1349

**COUNT TWO**

**(Aggravated Identity Theft)**

The United States Attorney for the District of Maryland further charges that:

1. Paragraphs 1 to 3 and 18 to 21 of Count One are incorporated here.

2. On or about January 9, 2024, in the District of Maryland, the Defendant,

**STACI LYNNE MANLEY,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another actual person, to wit: a Maryland Driver's License ending in 4962, and bearing the name and date of birth of Victim # 6, knowing that the means of identification belonged to another actual person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), that is, Conspiracy to Commit Bank Fraud, Title 18, United States Code, Section 1349, as charged in Count One of this Information.

18 U.S.C. § 1028A(a)(1)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further charges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction of the offense charged in Count One of this Information.

### Bank Fraud Conspiracy Forfeiture

2. Upon conviction of the offense set forth in Count One, the Defendant, **STACI LYNNE MANLEY**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds to such offense.

3. If, as a result of any act or omission of Defendant, any forfeitable property:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Digitally signed by PHILIP MOTSAY
Date: 2026.10.06 14:59:27 -04'00'

Kelly O. Hayes
United States Attorney